UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT ALLEN STANFORD,

    Petitioner,

v.                                         Case No: 5:20-cv-621-Oc-39PRL

WARDEN, FCC COLEMEN – USP II,

    Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, an inmate of the federal correctional system proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition). Petitioner challenges the validity of his 2012 conviction or sentence imposed by the United States District Court for the Southern District of Texas, Houston Division. See Petition at 2. Petitioner discloses that he has already filed a motion under 28 U.S.C. § 2255 challenging this conviction. Id. at 3. The sentencing court denied his petition. Id. Petitioner seeks to invoke this Court's jurisdiction under § 2255's saving clause.[1] Id. at 9.

---

[1] Notably, this is the second time Petitioner has filed a petition under § 2241 in this Court challenging his 2012 conviction. See Case No. 5:20-cv-332-Oc-38PRL. The Court dismissed Petitioner's first § 2241 petition sua sponte for lack of jurisdiction.

As relief, he asks the Court to vacate his unlawful conviction and sentence. Id. at 7.

A motion to vacate under § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause.'" McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1079, 1081 (11th Cir. 2017) ("Congress gives a federal prisoner one opportunity to move to vacate his sentence."). The saving clause is triggered only when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." See § 2255(e). The Eleventh Circuit now makes clear that only in three narrow circumstances is a remedy under § 2255 "inadequate or ineffective to test the legality" of a petitioner's detention:

> (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730-31 (11th Cir. 2017) (citing McCarthan, 851 F.3d at 1092-93). If a petitioner could have brought his claims in a § 2255 motion, the remedy is adequate and effective even if those claims would have been foreclosed by binding precedent. McCarthan, 851 F.3d

at 1086, 1090 (noting the "motion to vacate provided an adequate remedy" because the petitioner had the opportunity to raise the argument previously).

Petitioner is not entitled to proceed under § 2241 because the limited circumstances under which § 2255's saving clause applies are not present here. For example, Petitioner does not challenge the execution of his sentence, and the single sentencing court remains available. See Bernard, 686 F. App'x at 730-31. Petitioner attempts to avoid McCarthan's limitations by arguing he is actually innocent, having been convicted of a "non-existent offense." See Petition at 10. Petitioner's argument is foreclosed by McCarthan, which overruled the case law upon which Petitioner relies.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of January 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Robert Allen Stanford